Receipt Number

543775



# UNITED STATES OF AMERICA
## IN THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**IMAD HERMEZ**  )   **COMPLAINT**
                 )   **JURY DEMAND**
　　Plaintiff,   )

```
Case: 2:06-cv-12543
Assigned To: Zatkoff, Lawrence P
Referral Judge: Komives, Paul J
Filed: 06-08-2006 At 10:57 AM
CMP HERMEZ VS BALLY TOTAL FITNESS ( LE)
```

Vs-

**BALLY TOTAL FITNESS CORPORATION,**  )
a Delaware Corporation                )
                                      )
　　Defendant.                        )

LORELLI & MILOSEVICH
By: Vincent Lorelli (P-47007)
Attorney for Plaintiff
7031 Orchard Lake Rd, Ste 302
West Bloomfield, MI 48322
(248) 538-9696

## COMPLAINT AND JURY DEMAND

Now Comes the Plaintiff, **IMAD HERMEZ,** by and through his attorney, Vincent Lorelli, of LORELLI & MILOSEVICH, and for a cause of action states as follows:

## COUNT ONE

1. That the Plaintiff, **IMAD HERMEZ**, is a resident of the city of Waterford, citizen of Oakland County, State of Michigan.

2. Defendant, **BALLY TOTAL FITNESS CORPORATION** is a foreign corporation, being incorporated in the State of Delaware, with a principal place of business in the State of Illinois.

3. That the cause of action at the defendant's store in the City of Waterford, County of Oakland, State of Michigan on March 16, 2006.

4. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00).

5. Jurisdiction of this Court is predicated upon 28 U.S.C. 1332 (diversity of citizenship), with the plaintiff being a citizen of Michigan and the defendant being a citizen of Illinois and Delaware.

6. That on or about March 16, 2006, the Plaintiff herein, lawfully entered said real property, which is owned by the Defendant herein.

5. That at said time and place, the Plaintiff herein, did operate a "stair master" machine, which is owned by the Defendant herein, and that

said stairmaster did malfunction, causing the plaintiff to be severely injured.

6. That the said accident and injuries to the Plaintiff herein, were caused solely and proximately by the gross negligence, recklessness, willful and wanton action/inaction, and/or negligence of the Defendant herein, without any negligence, fault, contributory negligence or comparative negligence on the part of the Plaintiff herein.

7. That the Defendant's gross negligence, recklessness, willful and wanton action/inaction, and/or negligence at the time and place of the accident, among other things, consisted of the following:

(a). In failing to maintain the stairmaster in the reasonable and safe condition by failing to take any measure of action necessary to render the machine safe for the users of the facility;

(b). In failing to supervise the operation of the facility/machine so as to allow the creation of a dangerous and hazardous condition foreseeable and likely to cause harm and serious injury to the users of the facility/machine;

(c). In failing to provide adequate warnings, safeguard, or notice as to the existence of such dangerous and hazardous conditions that were foreseeable and likely to cause harm and serious injury to users of said starimaster, which were designed for use by the defendant's paying members;

(d). In permitting said malfunctioning stairmaster to remain on the premises for a long period of time as to create a dangerous and hazardous condition foreseeable and likely to cause harm and serious injury to the users of said machine or ;

3

(e). In failing to properly and fully maintain said stairmaster thereby allowing such a dangerous and hazardous condition to exist for the users of said premises;

(f). In failing to properly and fully maintain said machine;

(g) In failing to take appropriate measures to fully and completely maintain said stairmaster;

(h). In leaving an known malfunctioning machine on said premises for unsuspecting customers to use;

(i). In leaving an known malfunctioning machine on said premises for unsuspecting customers to use for a long period of time;

(j). Failing to erect warning signs or place any type of danger cones in effect by the machine;

(k). Negligently, recklessly and carelessly leaving a known malfunctioning stairmaster machine on the premises for customers to use;

(l). In failing to warn invitees of the danger of this malfunctioning machine.

8. That the defendant either knew or should have known that such dangerous and hazardous conditions did exist, or were likely to exist, and were reckless, wanton, willful, grossly negligent and/or negligent in failing to take any measure of action to eliminate such dangerous and hazardous conditions so as to render said machine and premises safe for the defendant's customers.

9. That as a direct and proximate result of the carelessness, Plaintiff, IMAD HERMEZ, suffered serious, permanent and personal injuries in and about his body, including injuries to his head, neck, shoulders,

back, arms, suffering injuries to his muscles, soft tissues, blood vessels, ligaments, tendons and said injuries resulting in extreme conscious pain and suffering and such other and further injuries, which are presently latent and/or dormant, but which subsequently may be discovered by medical diagnosis, and furthermore, the Plaintiff, herein, suffered an aggravation of all known and unknown pre-existing conditions and furthermore, the Plaintiff does hereby specifically reserve the right to move for leave of the Court to amend this Complaint to comply to such proofs as are made that the time of the trial of said cause.

10. That by reason of the premises, Plaintiff has incurred and will continue to incur medical expenses, drugs, hospital bills and therapeutic devices, in an effort to alleviate the pain and suffering and physical imitations, which the Plaintiff has endured, and expects to endure for an unknown time into the future, and further, that said injuries sustained by Plaintiff herein, have resulting in a permanent adverse shortening of normal activities, employment and enjoyment of life of the Plaintiff herein.

11. That as a direct and proximate result of the injuries that the Plaintiff sustained, and in the future will sustain serious impairment of a body function, disability, physical pain and suffering and mental anguish, loss of income, future impairment of earning capacity and loss of life's pleasures.

.

**WHEREFORE,** the plaintiffs pray for a judgment against the defendant in an amount over SEVENTY-FIVE five thousand dollars, together with costs, interest and attorney fees so wrongfully incurred.

Respectfully Submitted,

_____
Vincent Lorelli P47007
Attorney for Plaintiff

Dated: 1 June 2006

**JS 44 11/99 CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: _Oakland_

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. (a) PLAINTIFFS
Imad Hermez

## DEFENDANTS
Bally Total Fitness Corporation

(b) County of Residence of First Listed: Oakland

County of Residence of First Listed: Delaware Corp

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(C) Attorney's (Firm Name, Address, and Telephone Number):
Vincent Lorelli (P47007)
7031 Orchard Lake #302
W. Bloomfield, MI 48322
(248) 538-9696

Attorneys (If Known)

## II. BASIS OF JURISDICTION
[X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
Citizen of This State: PLA [X] 1
Incorporated and Principal Place of Business In Another State: DEF [X] 5

Case: 2:06-cv-12543
Assigned To: Zatkoff, Lawrence P
Referral Judge: Komives, Paul J
Filed: 06-08-2006 At 10:57 AM
CMP HERMEZ VS BALLY TOTAL FITNESS (LE)

## IV. NATURE OF SUIT
[X] 360 Other Personal Injury

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Negligence (Gross Negligence or Recklessness) in Diversity Case Brought under 28 USC 1332

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes

DATE: 6/2/06
SIGNATURE OF ATTORNEY OF RECORD

## PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

   Notes: _____